

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA  05  11586 GAO
ex rel. TIMOTHY R. CHASE, JR.

MAGISTRATE JUDGE _____

Plaintiff

v.                                                 C.A. No. _____    RECEIPT # 65920
                                                                    AMOUNT $250
AGGREGATE INDUSTRIES, INC.,                                         SUMMONS ISSUED N/A
a subsidiary of HOLCIM LTD.,                                        LOCAL RULE 4.1 ___
                                                                    WAIVER FORM ___
          Defendant                                                 MCF ISSUED ___
                                                                    BY DPTY. CLK. ___
                                                                    DATE 7/28/05

**FILED IN CAMERA AND UNDER SEAL**

<u>QUI TAM COMPLAINT</u>

Introduction

1.  This is a civil action brought by the plaintiff, United States of America ('the United States"), by and through relator Timothy R. Chase, Jr. ("Chase"), to recover treble damages and civil penalties under the Federal False Claims Act, 31 U.S.C. § 3729, et seq., arising from false claims made by defendant Aggregate Industries, Inc. ("Aggregate") in connection with work performed on the Central Artery Project.

2.  The False Claims Act, at 31 U.S.C. §3729(a), provides that any person who knowingly submits a false or fraudulent claim that is paid, directly or indirectly, by the United States is liable for a civil penalty of not less than $5,000 and not more than $10,000 for each such claim, plus three times the amount of the damages sustained by the United States because of the false claim.

1

3. Under section 3729(c), false claims include not only claims submitted directly to the United States but claims made to a general contractor or subcontractor if the United States, directly or indirectly, reimburses any portion of the amount demanded.

4. The False Claims Act also provides, at section 3730, that any person having knowledge of a false or fraudulent claim made to the United States to bring a civil action for himself and for the United States, and share in any recovery.

5. In this case, Chase has knowledge that the defendant, Aggregate, over the course of some 7 years, submitted false and fraudulent batch slips in order to obtain payments from Modern Continental Construction Company ("Modern Continental"), and other contractors on the Central Artery Project, which were in turn reimbursed, directly or indirectly, by the United States. The batch slips were false and fraudulent because they were submitted for concrete that was too old to be used to construct walls and other structural elements of the Central Artery, and that in fact had been rejected as too old, but that was then redelivered by Aggregate for use in the Central Artery.

### Parties

6. The plaintiff is the United States of America.

7. Relator Timothy R. Chase, Jr. is a resident of Chelmsford, Middlesex County, Massachusetts. He brings this action in his own behalf and on behalf of the United States pursuant to 31 U.S.C. §3730. He has direct and independent knowledge of the facts set forth herein.

8. Defendant Aggregate Industries, Inc. is a Delaware corporation, with a principal place of business in Saugus, Essex County, Massachusetts. The actions of Aggregate that form the basis for the plaintiff's claims took place primarily in Boston, Suffolk County, Massachusetts.

## Jurisdiction and Venue

9. The Court has jurisdiction over this action under 28 U.S.C. §1331 and 1345, and 31 U.S.C. §3730. Venue is proper in this District, under 31 U.S.C. §3732, because the defendant can be found in, resides in, and transacts business in the District, and because violations of 31 U.S.C. §3729 occurred in this District.

## Factual Background

9. Aggregate has been engaged in supplying concrete, asphalt and other materials for public projects since it was formed by merger in 1997, and, on information and belief, has been paid tens of millions of dollars for these materials. One of Aggregate's contracts was a contract to supply concrete for the construction of the $14 billion Boston Central Artery project, one of the largest highway projects in the United States.

11. Under the contract, Aggregate supplied concrete to Modern Continental and other contractors for use in constructing the slurry walls and other structural elements of the Central Artery.

12. One of the specifications of the contract was that any concrete delivered by Aggregate for use on the Central Artery was required to be delivered to the job site within 90 minutes of its being loaded on the delivery vehicle. This

was required in order to ensure that the concrete had not set, even in part, and was in a suitable condition to be poured.

13. The time of loading of the delivery vehicle was noted on batch slips issued by Aggregate, and the batch slips were provided to the drivers of the vehicles, who in turn presented them to inspectors at the job site.

14. If an inspector determined that a load of concrete being delivered to the Central Artery project was more than 90 minutes old, the inspector rejected the load, and the driver was expected to return to one of Aggregate's concrete loading facilities, dispose of the rejected load of concrete, and obtain a fresh load.

15. In fact, however, on a regular and repeated basis over the course of 7 years, Aggregate issued new batch slips for rejected loads and directed its drivers to return to the Central Artery project site with the same loads that had just been rejected, sometimes adding a small quantity of fresh concrete at the top of the loads to give the appearance of fresh concrete. By the time the concrete was received by the Central Artery project, the concrete was as much as four to five hours old.

16. The new batch slips that were issued for these rejected loads were false and fraudulent in that they showed a new time of filling of the load, and also showed a total time to fill the load of only one minute (the actual original fill time was five to seven minutes). The batch slips, as originally printed by Aggregate's computer, had the word "duplicate" at the bottom, but that portion of the slip was torn off when the concrete was re-presented for use in the Central Artery.

17. Chase has personal knowledge of Aggregate's false and fraudulent practice because he has been a driver for Aggregate since 1994 who was repeatedly directed to return rejected loads of concrete to the Central Artery project with new batch slips. Chase was the original source of information about this practice when he filed a complaint under the Massachusetts False Act on May 16, 2005.

18. The same direction to re-deliver rejected loads with new batch slips was given to other drivers for Aggregate who, during the peak periods of construction of the Central Artery project, numbered as many as 105.

19. Out of approximately 8,000 loads of concrete that were delivered per month by Aggregate to the Central Artery project during the five and a half years from July 1998 to December 2004, an estimated 500 loads consisted of loads that had previously been rejected as having been received more than 90 minutes after filling. Each load contained approximately 10 yards of concrete, at a cost per yard of $850, or a total cost per month to the Central Artery project of $4,250,000.

20. Over the five and a half years from July 1998 to December 2004, Modern Continental and other contractors paid approximately $280.500,000 for rejected loads of concrete based on false and fraudulent batch slips that concealed the fact that the concrete was hours old, not less than 90 minutes old as specified in Aggregate's contract. In the period from January 2005 through the time of Chase's disclosure of the fraud to the Commonwealth of

Massachusetts, Aggregate continued to re-deliver rejected loads of concrete to the Central Artery in lesser quantities.

21. On information and belief, the false and fraudulent batch slips that were used for the redelivery of rejected concrete are contained in the records of Aggregate (except for a group that were thrown into a quarry in Stoughton) as well as in the records of Modern Continental, the supervising contractor Bechtel/Parsons Brinkerhoff, and the Massachusetts Highway Department.

22. On information and belief, managers of Aggregate, including Truck Manager Steve Mikalop and Operations Manager Greg Stevenson, directed the redelivery of rejected loads of concrete, and Stevenson even kept a log of all of the redelivered loads in an effort to quantify in dollars how much the practice had benefited Aggregate.

## Claim for Relief

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22 of this Complaint.

24. This is a claim for treble damages and forfeitures under the Federal False Claims Act, 31 U.S.C. § 3729, *et seq.*

25. By virtue of the acts described above, Aggregate knowingly made, used, and caused to be made false records and statements in order to be paid by a contractor and/or subcontractor who was, in turn, reimbursed directly or indirectly by the United States.

26. Through the acts described above, Aggregate knowingly caused false claims to be submitted for reimbursement to a contractor and/or

subcontractor who was, in turn, reimbursed directly or indirectly by the United States.

27. The United States' contractors and/or subcontractors, unaware of the falsity of the claims and/or statements which the defendant submitted, were, in part, reimbursed by the United States for these false claims.

28. By reason of the defendant's practices, as aforesaid, the United States has suffered damages in the tens or hundreds of millions of dollars.

WHEREFORE, plaintiff prays for judgment against the defendant as follows:

1. That defendant cease and desist from violating the False Claims Act.

2. That this Court enter judgment against the defendant in an amount equal to three times the amount of damages the United States has sustained because of defendant's actions, plus a civil penalty of not less than $5,000, and not more than $10,000, for each violation of the False Claims Act.

3. That Chase be awarded the maximum amount allowed pursuant to section 3730(d);

4. That plaintiff be awarded all costs of this action, including attorney fees and costs; and

5. That plaintiff be afforded such other relief as the Court deems just and proper.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

For the plaintiff,

_____
Andrew Rainer (BBO #542067)
McRoberts, Roberts & Rainer, LLP
53 State Street
Boston, MA 02109
(617) 722-8222

Date: July 28, 2005

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
AGGREGATE INDUSTRIES, INC.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Andrew Rainer, McRoberts, Roberts & Rainer, L.L.P.,
53 State Street, Boston, MA 02109, 617-722-8222

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
31 USC section 3729
Brief description of cause:
Qui Tam Suit under False Claims Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  07/28/2005
SIGNATURE OF ATTORNEY OF RECORD  /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _____
   United States v. Aggregate Industries, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [✓] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   [✓] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   There may be a prior related case that is filed under seal, so information is not available to counsel.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [✓]   NO [ ]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [✓]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Andrew Rainer
ADDRESS   McRoberts, Roberts & Rainer, L.L.P., 53 State Street, Boston, MA 02109
TELEPHONE NO.   617-722-8222

(CategoryForm.wpd - 5/2/05)